UNITED STATES *v.* HUTCHINGS (No. 1729).[1]

CONSTRUCTION, PARAGRAPH 642, TARIFF ACT OF 1913—"ACQUIRED ABROAD."

Merchandise ordered by appellee in a foreign country from a foreign country for delivery in a foreign country, but, delivered to and paid for by appellee in this country, was not "acquired abroad" within the meaning of paragraph 642, tariff act of 1913, which permits free entry of up to, but not exceeding, $100 in value of articles acquired abroad by residents of this country for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale.

---

[1] Reported in T. D. 36800 (31 Treas. Dec., 424).

United States Court of Customs Appeals, November 2, 1916.

APPEAL from Board of United States General Appraisers, Abstract 39605.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Robert Hardison,* special attorney, of counsel), for the United States.

Submitted on record by appellee.

[Oral argument Oct. 11, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importer claimed free entry of certain wearing apparel under the last provision of paragraph 642 of the act of 1913, which provides—

That up to but not exceeding $100 in value of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty.

The evidence shows that Mrs. Hutchings went abroad in May, 1914, and was in Europe at the time the war broke out. She sailed hurriedly from Germany and arrived in New York September 1, 1914. About the 1st of July, while in Rome, she sent an order to Walpole Bros. (Ltd.), of Dublin, for three dresses to be made for her daughter, who accompanied her. She states, "I ordered them; I didn't buy them." She also states that they were to have been delivered to her while abroad and aboard ship at Calais. She states further:

The goods were ordered from Dublin. I wrote from Rome. I ordered the dresses to be made and sent to me at the steamer, so my little girl could wear them home.

The testimony fails to show that there was any formal acceptance of the order. All that appears is a bill of Walpole, dated November 18, 1914. The dresses were not in fact received until May, 1915, the bill of November 14 having been paid February 1, 1915. As a matter of fact, the appellee did not sail from Calais but from Germany, arriving in this country September 1, 1914.

It would appear from this statement of facts that the dresses were neither acquired abroad nor possessed by the appellee when returning to this country. The most that can be said is that up to the time that Mrs. Hutchings sailed for this country she had an order out for goods to be delivered, which order must have been modified by her sudden departure, and that the title had not passed to her. In other words, she had not acquired the property.

There is no statement of the ground upon which the board held this importation free of duty, except the recital of the facts, and the

appellee is not represented by counsel in this court. We are, however, unable to see how it can be said that these goods were acquired. abroad, and for this reason reverse the decision.

*Reversed.*