BEFORE THE SECOND DIVISION, MARCH 5, 1958

**No. 61617.**—Elsbeth Levy *v.* United States, protest 303718–K (Baltimore).

FORD, Judge: By the suit listed above, plaintiff challenges the action of the collector of customs in classifying certain imported merchandise as "Automobiles, finished or unfinished," and levying duty thereon at the rate of 10 per centum ad valorem under paragraph 369 (b) of the Tariff Act of 1930. Plaintiff claims "Said automobile is subject to personal exemption allowance of $500.00 under paragraph 1798 (c) (2)" of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, 88 Treas. Dec. 186, T. D. 53318.

Paragraph 1798, as enacted in the Tariff Act of 1930, insofar as here pertinent, is as follows:

* * * That up to but not exceeding $100 in value of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty: * * *.

The pertinent part of said paragraph 1798, as amended by the Custom Simplification Act, *supra*, is as follows:

(c) In the case of any person arriving in the United States who is a returning resident thereof—

\* \* \* \* \* \* \*

(2) Articles (including not more than one wine gallon of alcoholic beverages and not more than one hundred cigars) acquired abroad as in incident of the journey from which he is returning, for his personal or household use, but not imported for the account of any other person nor intended for sale, if declared

in accordance with regulations of the Secretary of the Treasury, up to but not exceeding in aggregate value—

(A) $200, if such person arrives from a contiguous country which maintains a free zone or free port (see subparagraph (d)), or arrives from any other country after having remained beyond the territorial limits of the United States for a period of not less than forty-eight hours, and in either case has not claimed an exemption under this subdivision (A) within the thirty days immediately preceding his arrival; and

(B) $300 in addition, if such person has remained beyond the territorial limits of the United States for a period of not less than twelve days and has not claimed an exemption under this subdivision (B) within the six months immediately preceding his arrival.

This case has been submitted for decision upon the following statement of facts:

1—That the merchandise involved was an English automobile.

2—That if the importer, Miss Elsbeth Levy, were called she would testify as follows:

In the latter part of 1955, I was planning a pleasure trip to Europe, and desired to purchase an automobile for use while abroad, and to bring back to this country. The primary purpose of my trip was to sight-see, visit friends, etc., and not to purchase an automobile.

Since my trip abroad was limited to approximately six weeks, I realized that I would have to make some advance arrangements in order to have the use of the car while abroad. Several months before my departure, I contacted the David Brown Company, Ltd., British manufacturers and sales agents for the Aston-Martin automobile, and was referred to their New York agent, J. S. Inskip, Inc. Arrangements for the purchase of the automobile were made in part through Inskip, and in part through direct contact with the David Brown Company in London.

I was informed that I might make payment for the automobile either in New York or London, the amount due in either case being identical. For my convenience, I made payment to Inskip while in New York en route to London on January 4th, 1956. I left the country the following day, arrived in England on January 6th, and took delivery that day after paying Brown approximately $100.00 additional for parts and services not included in the prior payment.

I drove the automobile several thousand miles in England and on the Continent, and returned it prior to my departure to the David Brown Company for servicing and shipment. Brown at that time performed all the guarantee services customarily performed by the seller; I was also reimbursed by that company for guarantee work I had performed on the Continent.

I always considered that I was purchasing the automobile from the David Brown Company in London.

Upon reentering the country, I filled in the customary "Baggage Declaration and Reentry", listing the automobile as an article acquired incidental to my trip, as I was under the impression that this was the case.

I then made arrangements to have the automobile consigned to William H. Masson, Custom House Brokers, who arranged for entry of the automobile when it arrived from England in late March of 1956. I was not questioned at any time, either by the customs officer at Idlewilde Airport, New York, who received my Declaration, or the Customs or Appraisers in Baltimore where the car was entered, as to where or how I had purchased the car.

That at all times herein she was and now is a citizen of the United States and a resident of Maryland, and that she had not claimed a previous exemption as a returning resident within six months.

3—That the Collector of Customs denied the $500. exemption given returning residents under paragraph 1798 (a) as amended by the Customs Simplification Act of 1953 on the ground that the automobile in question was not acquired abroad.

In addition to the above stipulation, there is in evidence, as exhibit 1, the following bill of sale for the automobile in question:

J. S. INSKIP, INC.

Authorized Distributors for
Eastern United States
Sales Salon
24 East 54th Street
Plaza 9–4664

Sales and Service
304 East 64th Street, New York 21, N. Y.
TEmpleton 8–6100

Date December 1, 1955.

Invoice No. Y–13353.

SPECIFICATIONS:

To—MISS. ELSBETH LEVY
11 West Branch Lane
Baltimore 1, Maryland

| Model | DB 2–4 |
| Chassis No. | LML/1057 |
| Engine No. | VB6J/651 |
| Color | Blue Haze/Blue |
| Salesman | W. U. Day |

One New Aston Martin Saloon ex-works____ $4, 506. 00
DEPOSIT:   Paid by check of 11–1–55_____  1, 000. 00

$3, 506. 00

PAID
JAN 4 1956
J. S. INSKIP, INC.

In the original Tariff Act of 1930, a returning resident was allowed an exemption of only $100 on articles acquired abroad, while, in the Simplification Act of 1953, this exemption has been increased up to $500, thus evidencing an intent to liberalize the exemption allowed to returning residents.

The facts agreed upon in this case would appear to entitle the plaintiff herein to an exemption of $500 on her car, if said automobile were acquired abroad, within the meaning of said paragraph 1798, as amended.

Counsel for the plaintiff, in his brief filed herein, quotes the following definition of the verb "acquire" from the Standard Dictionary:

To obtain by search, endeavor, practice, or purchase; get as one's own; receive or gain in any manner; come to have; as, clouds *acquire* new tints at sunset; "Men are apt to acquire peculiarities."

Counsel then argues that:

All these meanings include the idea of possession.  To obtain or get an article one must actually receive it.  The signing of a contract for the purchase of an automobile merely means that one has acquired a right to delivery at some fixed time, and he obtains, gets, receives or acquires the car at the time of delivery.

In the case of *Helvering* v. *San Joaquin Co.*, 297 U. S. 496, it was held as follows:

* * * But even if we should agree that a lessee-optionee acquires, by virtue of the instrument, an equitable interest in the land it would not follow that, within the contemplation of the revenue acts, he acquires the property at the date of the option rather than at the date of conveyance.  The word "acquired" is not a term of art in the law of property but one in common use.  The plain import of the word is "obtained as one's own."  Language used in tax statutes should be read in the ordinary and natural sense.  In the common and usual meaning of the term the land was acquired when conveyed to the respondent's predecessor.

In *United States* v. *Hutchings*, 7 Ct. Cust. Appls. 283, T. D. 36800, the Court of Customs Appeals stated the facts of that case as follows:

The evidence shows that Mrs. Hutchings went abroad in May, 1914, and was in Europe at the time the war broke out. She sailed hurriedly from Germany and arrived in New York September 1, 1914. About the 1st of July, while in Rome, she sent an order to Walpole Bros. (Ltd.), of Dublin, for three dresses to be made for her daughter, who accompanied her. She states, "I ordered them; I didn't buy them." She also states that they were to have been delivered to her while abroad and aboard ship at Calais. She states further:

> The goods were ordered from Dublin. I wrote from Rome. I ordered the dresses to be made and sent to me at the steamer, so my little girl could wear them home.

Based upon the foregoing testimony, the court states:

The testimony fails to show that there was any formal acceptance of the order. All that appears is a bill of Walpole, dated November 18, 1914. The dresses were not in fact received until May, 1915, the bill of November 14 having been paid February 1, 1915. As a matter of fact, the appellee did not sail from Calais but from Germany, arriving in this country September 1, 1914.

It would appear from this statement of facts that the dresses were neither acquired abroad nor possessed by the appellee when returning to this country. The most that can be said is that up to the time that Mrs. Hutchings sailed for this country she had an order out for goods to be delivered, which order must have been modified by her sudden departure, and that the title had not passed to her. In other words, she had not acquired the property.

The *Helvering* case, *supra*, makes it clear that the plaintiff herein acquired the Aston Martin automobile when she paid the full purchase price therefor and received the bill of sale for said automobile on January 4, 1956. This transaction took place in the City of New York and not abroad. By stipulation, plaintiff agrees that she did not leave New York until the following day.

The facts in this case also make it clear that, prior to leaving this country, the plaintiff herein had more than an order out for goods to be delivered; that title to the automobile had passed to her; and that she had acquired the automobile. The different state of facts in the *Hutchings* case, *supra*, and in the instant case makes applicable to the present case the observation of the appellate court in the said *Hutchings* case and thus supports a finding that the plaintiff herein is not entitled to an allowance of a personal exemption under said paragraph 1798 (c) (2), *supra*.

Based upon the facts agreed to in this case and following the authorities cited, we hold that the plaintiff herein did not acquire the Aston Martin automobile abroad as an incident of the journey from which she was returning, within the meaning of paragraph 1798 (c) (2) of the Tariff Act of 1930, as modified, *supra*.

All claims of the plaintiff are, therefore, overruled. Judgment will be rendered accordingly.