(C.D. 2201)

ROBERT K. HERBST *v.* UNITED STATES

## United States Customs Court, Second Division

(Decided September 13, 1960)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Plaintiff herein, a United States resident, on returning from a trip to Europe, brought with him, among other things, a Volkswagen automobile which the collector of customs classified within the provisions of paragraph 369(b) of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 369(b)), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed duty thereon at the rate of 9 per centum ad valorem.

It appears from the record in this case that upon entry of the automobile in question an allowance of $275 (approximately 25 per centum of the purchase price) was made for depreciation, inasmuch as the car had been used abroad by the plaintiff.

The contention made in the protest is that plaintiff's "personal exemption as a returning resident under paragraph 1798 should have been applied against the value of the car and that greater allowance should have been made for depreciation."

We here set forth the pertinent provisions of the tariff act:

Paragraph 369(b), as modified by the Sixth protocol, *supra*:

All other automobiles, automobile chassis, and automobile bodies, all the foregoing, whether finished or unfinished_____ 9% ad val.

Paragraph 1798(c)(1) and (2) of the Tariff Act of 1930 (19 U.S.C. § 1201, par. 1798(c)(1) and (2)), as amended by the Customs Simplification Act of 1953 (67 Stat. 507):

(c) In the case of any person arriving in the United States who is a returning resident thereof—

(1) all personal and household effects taken abroad by him or for his account and brought back by him or for his account; and

(2) articles (including not more than one wine gallon of alcoholic beverages and not more than one hundred cigars) acquired abroad as an incident of the journey from which he is returning, for his personal or household use, but not imported for the account of any other person nor intended for sale,

if declared in accordance with regulations of the Secretary of the Treasury, up to but not exceeding in aggregate value—

(A) $200, if such person arrives from a contiguous country which maintains a free zone or free port (see subparagraph (d)), or arrives from any other country after having remained beyond the territorial limits of the United States for a period of not less than forty-eight hours, and in either case has not claimed an exemption under this subdivision (A) within the thirty days immediately preceding his arrival; and

(B) $300 in addition, if such person has remained beyond the territorial limits of the United States for a period of not less than twelve days and has not claimed an exemption under this subdivision (B) within the six months immediately preceding his arrival.

This cause of action has been submitted for decision upon the following stipulation of facts agreed upon by the parties hereto—

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court;

1. That the protest herein is directed against the assessment of duty of $75.25, by the Collector of Customs, New York, N.Y. on the automobile imported by plaintiff into the United States upon his return from Europe, December 5, 1957, ex SS Augustus;

2. That the automobile in question was purchased from Transol Car Sales, 22 Hollanderstraat, The Hague, Holland on September 6, 1957 and transferred to plaintiff by the vendor on that date in the city of The Hague, Holland, as indicated in the Bill of Sale, attached hereto;

3. That said Bill of Sale, dated September 6, 1957, is hereby offered in evidence without objection from either party litigant;

4. That in assessing duty on the aforesaid automobile the Collector of Customs allowed the sum of $275.00, or approximately 25 per cent of the purchase price, for depreciation, the car having been used abroad by plaintiff.

5. That the full purchase price of the automobile in question was paid by plaintiff to Transol Motors, 1818 El Dorado Avenue, San Jose, California, as agent for the aforesaid seller in Holland, prior to plaintiff's departure from the United States on the trip abroad referred to in paragraph "1" herein, and

\*　　\*　　\*　　\*　　\*　　\*　　\*

The bill of sale referred to in paragraphs 2 and 3 of the above-quoted stipulation reads in part as follows:

That in consideration of elevenhundred and eleven dollars 50/100 Dollars ($1111.50) and other valuable consideration, the receipt whereof is hereby acknowledged, the undersigned (seller) does hereby sell, transfer and deliver unto Mr. Robert K. Herbst (buyer) his right, title and interest in and to the following described vehicle:

Make_____ Volkswagen Identification or
 Engine Number_____ 1943908
Serial Number_____ 1609544 Body Type_____ sedan
Year Manufactured_____ 1957 Model Number_____ 111

\*　　\*　　\*　　\*　　\*　　\*　　\*

Inasmuch as the title to the automobile described in the bill of sale passed to the buyer thereof, plaintiff herein, in The Hague, Holland, said automobile was "acquired" by plaintiff while abroad.

The case of *Elsbeth Levy* v. *United States*, 40 Cust. Ct. 468, Abstract 61617, referred to by both parties in their briefs, is distinguishable, insofar as title to a specific automobile passed to the plaintiff therein in the United States 1 day prior to her departure to Europe, and acquisition of the specific vehicle took place in this country and not abroad.

According to the provisions of paragraph 1798 of the Tariff Act of 1930, as amended, *supra*, with which we are here concerned, acquisition of an article abroad is not sufficient to gain the benefit of personal exemption granted, but the article acquired abroad must be "as an incident of the journey from which he is returning."

From the stipulated facts agreed upon by the parties hereto, it appears that the automobile was used abroad by the plaintiff, which use may be inferred to have been extensive from the fact that the collector of customs, upon entry of the vehicle into the United States, allowed a depreciation thereon of approximately 25 per centum of the purchase price and from the reference contained in the protest to the fact that the car had been driven abroad over 4,000 miles.

Consideration has been given to the case of *Leland Powers* v. *United States*, 73 Treas. Dec. 788, T.D. 49554, referred to by both parties in their briefs, and to the cases of *Helvering* v. *San Joaquin Co.*, 297 U.S. 496, and *United States* v. *Hutchings*, 7 Ct. Cust. Appls. 283, T.D. 36800, cited in the *Levy* case, *supra*, but nothing therein contained detracts from the conclusion herein reached that the instant automobile was "acquired" abroad as an incident of the journey from which the plaintiff was returning.

Upon the record before us and for the reasons stated, we hold that the automobile should properly have been extended the benefits provided by paragraph 1798(c) (1) and (2) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, *supra*, to the extent to which such exemption could be applied.

Judgment will be entered accordingly.