BEFORE THE SECOND DIVISION, FEBRUARY 10, 1964

**No. 68307.**—Frank A. Nemec *v.* United States, protest 60/10702–15909 (New Orleans).

RAO, Judge: The instant protest is directed against the assessment of duty in the sum of $170 upon a Mercedes-Benz automobile, imported by plaintiff

through the port of New Orleans. The assessment was made pursuant to the provisions of paragraph 369 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which direct the imposition of duty at the rate of 8½ per centum ad valorem upon automobiles.

It is the contention of plaintiff that said automobile was acquired abroad as an incident of a trip made by his wife and son, and that, therefore, their personal exemptions as returning residents, insofar as not otherwise charged, should have been applied thereto, as provided in paragraph 1798(c)(2) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953. The provision under which the claim is made reads as follows:

(c) In the case of any person arriving in the United States who is a returning resident thereof—

\*      \*      \*      \*      \*      \*      \*

(2) articles (including not more than one wine gallon of alcoholic beverages and not more than 100 cigars) acquired abroad as an incident of the journey from which he is returning, for his personal or household use, but not imported for the account of any other person nor intended for sale, if declared in accordance with regulations of the Secretary of the Treasury, up to but not exceeding in aggregate value—

(A) $200, if such person arrives from a contiguous country which maintains a free zone or free port * * * or arrives from any other country after having remained beyond the territorial limits of the United States for a period of not less than forty-eight hours, and in either case has not claimed an exemption under this subdivision (A) within the thirty days immediately preceding his arrival; and

(B) $300 in addition, if such person has remained beyond the territorial limits of the United States for a period of not less than twelve days and has not claimed an exemption under this subdivision (B) within the six months immediately preceding his arrival.

The facts in the case were established through the testimony of the plaintiff who appeared in person and on his own behalf. His testimony shows that, in anticipation of a trip abroad during the summer months of 1959, he arranged for the purchase of a Mercedes-Benz automobile, to be used by himself, his wife, and son for traveling on the Continent. Negotiations for the purchase of the car were conducted through the Bremen, Germany, branch office of the Lykes Bros. Steamship Co., of which company plaintiff is an officer. The car was ordered in April 1959 and, according to the witness, delivered to his Bremen office on June 2, 1959. It was paid for by a company check, charged to plaintiff's account, and title was taken by the manager of the Bremen office, a Mr. Amoss.

The record is not clear as to exactly when plaintiff's wife and son left New Orleans en route to Europe, via a Lykes Bros. Steamship Co. vessel, or exactly when they reached the first European port. On direct examination, plaintiff testified that his family left on May 30, 1959, landed in France on June 16, 1959, and took possession of, and title to, the car in Germany on June 20, 1959. On cross-examination, the witness stated that his wife left the United States about May 19, arrived in France on or about June 14, and reached Germany about 3 days later. In any event, the witness was positive that his wife was on the high seas at the time title passed to the Bremen office, and that, notwithstanding the fact that the invoice shows a date of May 13, 1959, which he surmised might have been a shipping date, his records indicate that the car was "received in Bremen, title was taken, insured, and paid, on June 2, 1959."

It further appears that some time after June 2, 1959, plaintiff reimbursed his company by personal check paid to the office in the United States and credited to the Bremen office account.

The car was used by plaintiff's wife and son, and, for a 3-week period, by plaintiff himself, during their travels in Europe. This was their sole purpose in purchasing the automobile.

The record also establishes that, in negotiating for the purchase of the car and in taking title thereto, Mr. Amoss was at all times acting as agent for plaintiff. These arrangements were so made that a car would be immediately available to Mrs. Nemec upon her arrival in Germany.

In presenting his proof to the court in an effort to substantiate the protest claim that the personal exemptions of his wife and son, in the total amount of $1,000, were applicable to the automobile in question upon its return to the United States, as an article acquired abroad, within the contemplation of paragraph 1798(c)(2) of the Tariff Act of 1930, as amended, *supra*, plaintiff orally urged the relevance of the principle established in the case of *United States* v. *Robert K. Herbst*, 48 CCPA 145, C.A.D. 781, to the effect that payment of the purchase price of an article, prior to departure for Europe, does not constitute acquisition thereof so as to preclude a claim for personal exemption, if title to the article has not passed. It was the contention of the plaintiff that the facts in this case "are directly in accord" with those involved in the *Herbst* case.

Counsel for defendant urges, however, that the present situation is distinguishable from the decided case for the reason that something more than the mere deposit of the purchase price occurred in the instant transaction. It is contended that inasmuch as title and possession of this automobile were acquired for and in behalf of plaintiff by a duly authorized agent, prior to his wife's arrival in Europe, the rule of the *Herbst* case does not obtain.

It is true, of course, that the acts of an agent for a disclosed principal, within the scope of the agent's delegated authority, are by law considered to be the acts of his principal. (3 C.J.S., §§ 233, 241, *et seq.*) As applied to the facts of this case, it necessarily follows from this settled rule that plaintiff acquired the automobile in issue at the time when title and possession were conveyed to plaintiff's agent in Bremen.

It is clear that the principle of the *Herbst* case was founded upon the fact that "the payment of the purchase price to the agent of the seller in the United States did not serve to transfer title to any particular automobile to the importer but merely gave him a claim against the seller," and that, as a result, he had not acquired the automobile in issue in the United States before he left for Europe.

The contrasting facts involved in *Elsbeth Levy* v. *United States*, 40 Cust. Ct. 468, Abstract 61617, establishing that payment of the purchase price was accompanied by a bill of sale which described a specific car and listed its model, chassis, and engine numbers, as well as color, so that, in effect, title to a specific chattel had passed to the purchaser, prior to her departure for Europe, formed the basis for the holding that she had not acquired such article abroad within the contemplation of said paragraph 1798(c)(2).

If all that were involved in this case was the question of plaintiff's title to this automobile, we would be required to hold that the rule of *Levy* v. *United States*, *supra*, controls, and that, since a specific vehicle was acquired by him before his departure for Europe, he would not be entitled to the exemption claimed.

But, although plaintiff has brought this action in his own name, as consignee of the vehicle involved, it is not his own personal exemption which he seeks

to have applied. He contends that the exemptions of his wife and son are applicable to this automobile and should have been allowed. We are constrained to hold, however, that there is no merit in this contention either.

It is true, of course, that insofar as Mrs. Nemec is concerned, title was transferred to her after her arrival in Germany, and that she had no right or interest in any specific vehicle until after her departure from the United States. Consequently, it may appropriately be said that she acquired the automobile in question as an incident of her trip abroad.

Unfortunately, however, Mrs. Nemec is not a party to this action, and the record shows that plaintiff returned to the United States before his wife and son ended their European trip. It is obvious, therefore, that the declaration which he was required to make upon his return could not have embraced the exemptions to which his wife and son were entitled upon their arrival.

Section 1798(c)(2), supra, restricts the exemption of a returning resident to articles acquired abroad for "his personal or household use, but not imported for the account of any other person." Mr. Nemec did not acquire the automobile abroad, and he is by the language of the statute prevented from claiming an exemption in behalf of another.

Although it seems clear from the evidence presented in this case that had Mrs. Nemec brought an action in her own name, she could have prevailed, on the basis of a bona fide personal acquisition of the vehicle during the course of her travels abroad, we have no recourse here but to hold that, by virtue of an improper party-plaintiff, the claim for exemption must be overruled.

Judgment will be entered accordingly.